Valverde Lopez v. Bondi

BIA
Burnham, IJ
A213 381 785/784

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand twenty-five.

PRESENT:
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

SANDRA GENOVEVA VALVERDE
LOPEZ, JAMILETH VICTORIA PUNINA
VALVERDE,
> *Petitioners,*

v.

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

23-7233
NAC

FOR PETITIONERS:    Michael Borja, Esq., Borja Law Firm, P.C., Jackson Heights, NY.

FOR RESPONDENT:   Brian M. Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Marie V. Robinson, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Sandra Genoveva Valverde Lopez and Jamileth Victoria Punina Valverde, natives and citizens of Ecuador, seek review of a September 5, 2023 decision of the BIA, affirming a March 18, 2022 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sandra Genoveva Valverde Lopez, Jamileth Victoria Punina Valverde*, Nos. A 213 381 785/784 (B.I.A. Sept. 5, 2023), *aff'g* Nos. A 213 381 785/784 (Immig. Ct. N.Y. City Mar. 18, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law and application of law to fact de novo.

2

*See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).   "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."   8 U.S.C. § 1252(b)(4)(B).

We deny the petition as to asylum and withholding of removal because Valverde Lopez has failed to challenge a dispositive basis for the denial of these forms of relief.   An applicant for asylum and withholding of removal has the burden to "establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant."[1]   8 U.S.C. § 1158(b)(1)(B)(i); *see also Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022) (concluding that the "one central reason" standard applies to both asylum and withholding of removal).   Before the agency, Valverde Lopez alleged past persecution and a fear of future persecution on account of an anti-gang political opinion and membership in the particular social group of unmarried mothers who resisted gangs.   She has abandoned her political opinion claim by not mentioning it in her brief.   *See*

---

[1] As we have explained in prior cases filed by Petitioner's counsel, the "one central reason" standard also applies to withholding of removal.  *See Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022); *see also Chamba-Alvarez v. Garland*, No. 21-6072, 2023 WL 6439401 at *1 & n.1 (2d Cir. Oct. 3, 2023) (summary order); *Acero-Guaman v. Garland*, No. 21-6606, 2024 WL 1734054 at *1 (2d Cir. Apr. 23, 2024) (summary order).

*Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).    She also fails to challenge the agency's conclusions that her proposed social group, and the social group of small business owners discussed by the IJ, were not cognizable.   When seeking relief based on membership in a particular social group, an applicant must establish that the proposed group is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question."   *Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014) (quotation marks omitted).   Valverde Lopez states that "[t]he proposed particular social group not only meets these elements but has already been recognized as a valid basis for asylum by federal courts."   Petitioner's Br. at 7.   This conclusory statement— without a citation to the record or legal authority—is insufficient to preserve the claim for review.   *See Debique*, 58 F.4th at 684; *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming argument abandoned when brief "devote[d] only a single conclusory sentence to the argument").   Moreover, to the extent Valverde Lopez now argues that she merits relief based on membership in a

4

particular social group of witnesses, that ground is unexhausted because she did not argue it before the agency. *See Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it."). It appears that the brief simply repeated an argument raised in a prior, then-undecided case filed by Valverde Lopez's counsel. *See* Petitioner's Br. at 7–9, *Sinchi-Montalvan v. Garland*, No. 22-6400 (2d Cir. Feb. 28, 2023) ("*Sinchi-Montalvan* Br.") (asserting the petitioner was a member of the social group of witnesses who openly report criminal activity).

We also deny the petition as to CAT relief. Contrary to Valverde Lopez's assertion, the agency applied the correct legal standard when it found that she failed to demonstrate likely torture, either by the government or with its acquiescence or consent. For purposes of the CAT, "[t]orture is defined as any act by which severe pain or suffering . . . is intentionally inflicted on a person . . . by, or . . . with the consent or acquiescence of, a public official." 8 C.F.R. § 1208.18(a)(1). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her responsibility to intervene to protect such

5

activity." *Id*. § 1208.18(a)(7). Contrary to Valverde Lopez's position here, the unable-or-unwilling standard applies to asylum and withholding of removal, not CAT relief. *See Scarlett v. Barr*, 957 F.3d 316, 336 (2d Cir. 2020) (pointing out that courts have not decided "how the 'unable' prong of the unwilling-or-unable standard, as applicable to [asylum and] withholding claims, might translate to identifying government acquiescence in torture under the CAT"); *see also Singh v. Garland*, 11 F.4th 106, 114–15 (2d Cir. 2021).

Finally, Valverde Lopez has not shown substantive error in the agency's denial of her CAT claim. Her claim that she "tried to make a police report" after the gang demanded money in 2020, but the police told her they needed more evidence to arrest anyone is insufficient to establish that the government would more likely than not acquiesce to her torture, particularly as she did not allege that she reported subsequent interactions with gang members. Certified Admin. Record at 241; *see Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime."). Moreover, Valverde Lopez's threadbare statement that her "testimony and provided evidence . . . shows the government was responsible for the issue"

6

is insufficient to show agency error. Petitioner's Br. at 14; *see Quintanilla-Mejia v. Garland*, 3 F.4th 569, 593–94 (2d Cir. 2021) ("[S]ubstantial evidence review does not contemplate any judicial reweighing of evidence. Rather, it requires us to ask only whether record evidence compelled an acquiescence finding different from that reached by the agency."). We note that almost identical language appears in the briefs in other cases filed by counsel in this case. *See, e.g.*, Petitioner's Br. at 11, *Masaquiza-Masaquiza v. Bondi*, No. 23-7743 (2d. Cir. May 1, 2024) (CAT claim "was demonstrated through the provided evidence that shows the government did nothing but exacerbate the issue"); Petitioner's Br. at 11, *Daquilema-Guaman v. Bondi*, No. 23-7742 (2d Cir. Mar. 28, 2024) (CAT claim "was demonstrated through the provided evidence that shows the government did nothing but exacerbate the issue"); *Sinchi-Montalvan* Br. at 14 (CAT claim "was demonstrated through the testimony and provided evidence that shows the government did nothing but exacerbate the issue").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED. It is further ORDERED that the case is REFERRED to this Court's Grievance Panel for consideration of the issues with the brief noted above. In addition, we note that

the brief contains insufficient record citation and material legal analysis. *See* Fed.

R. App. P. 28.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court